# SUPREME COURT

OF THE

# STATE OF ARKANSAS,

AT THE

## NOVEMBER TERM, 1890.

---

GUESS *v.* AMIS.

Decided November 22, 1890.

*Practice—Reinstatement of lost judgment—Defense.*
>   In an action to restore a lost judgment, a court of equity, upon proper appli-
>   cation and proof that the judgment was procured by fraud, will restrain
>   its execution.

APPEAL from *Cleveland* Circuit Court.

C. D. WOOD, Judge.

*D. H. Rousseau* for appellant.

Appellant had the right to contest the suit, whether it be called a *scire facias* to revive or a petition to reinstate a lost judgment, and to question its existence, regularity and validity. The statutory remedy is only declaratory of the common law remedy on a lost record or judgment. 98 N. C., 284; *ib.,* 173; 2 Cold. (Tenn.), 318; 3 *id.,* 267; 45 Ala., 204; 101 Ill., 411; 91 N. C., 231.

The right to plead payment or question the existence or validity of a judgment at any stage of the proceedings is expressly recognized in 1st Heisk., 26; 30 Ala., 734; 14 Sm. & M., 208; 28 Conn., 556; 27 Iowa, 381; 1 Head, 229; 31

Iowa, 582. The motion to transfer the case to equity was appropriate. Freeman Judg., par. 495, 498, and cases cited. The judgment was without notice and void.

*W. S. McCain* for appellee.

BATTLE, J.   On March 21, 1889, appellees filed a petition in the Cleveland circuit court, stating that they had, at the March term, 1886, recovered a judgment in that court against appellant, Guess, and one N. V. Barnett, who has since died, for the sum of $870 and 10 per cent. interest thereon from the 15th of March, 1886, upon a promissory note executed by them to appellee, Amis; that the record containing the judgment had been burned; and that no part of it had been paid: and asked that it be restored and reinstated upon the record.

Appellant filed an answer containing three paragraphs. In the first he denied all knowledge of the existence of the judgment sought to be restored and reinstated, and alleged that it was void because he never had any notice, legal or otherwise, of the pendency of any action against him and N. V. Barnett in which such a judgment could have been rendered. And in the second and third paragraphs denied that he, or any one thereunto authorized by him, ever executed an instrument of any kind to Amis, or that he was indebted to N. V. Barnett, S. E. Barnett and Amis, or either of them, or that the firm of Barnett & Guess, of which he was a member, ever was indebted to them, or either of them, in any manner whatever; and alleged that if a note was executed by Barnett in their firm name to Amis, it was long after the dissolution of their partnership, and was without consideration or authority on his part, and as to him was null and void; and alleged that if the judgment in question was rendered, it was obtained against him by fraud and collusion perpetrated by the Barnetts and Amis. He asked that the cause be transferred to the equity docket, and that his answer be taken as a cross-complaint against the plaintiff and his co-defendant, and for process against them, and

that the judgment be declared fraudulent and void, and for other relief.

Appellees filed a demurrer to the answer, but it does not appear in the record here. The record shows that it was sustained, and that Guess refused to answer further " as to the parts of his answer affected by the demurrer." It does not appear that the cause was transferred to the equity docket; but the record does show that, after sustaining the demurrer, the court proceeded to trial and heard the proof, and found only two facts in response to the issues tendered by the pleadings, and they are, that appellees, on the 15th of March, 1886, by the consideration of the Cleveland circuit court, recovered judgment against appellant and N. V. Barnett for $870 on a promissory note, and that the record thereof had been burned, and thereupon reinstated it upon record. From this it is obvious that the court refused to consider the equitable defense and relief asked for by appellant, and overruled his motion to transfer, and sustained the demurrer, except as to the part of the answer that denied the existence of the judgment in question. This being true, the question is, did the court err in sustaining the demurrer?

The answer in this case shows that appellant had a good and valid defense to the action in which the judgment in question was rendered, sufficient, if it had been pleaded and proved, to have defeated the recovery of a judgment against himself; and that he was deprived of the opportunity of asserting it without fault of his. Under such circumstances it is the duty of courts of equity, upon proper application and proof of the defense and its loss, to restrain and prevent the execution of such judgments. *State* v. *Hill,* 50 Ark., 459. So in cases like this the same facts, upon the same principle and for the same reason, constitute a good defense, and make it the duty of courts, in the exercise of their equity jurisdiction, to restrain the execution of the judgment. It would be contrary to the spirit of our code of practice, and its manifest intent, to force a defendant to submit to the

*Reinstatement of lost judgment—Defense.*

reinstatement of a judgment and then to bring a separate suit in equity to prevent its execution.

The denial in the answer of the existence of the judgment in controversy is insufficient. The remainder of the answer, though it contains redundant matter, constitutes an equitable defense, and but one. The demurrer therefore should have been overruled, and the action transferred to the equity docket.

Reversed and remanded.